64 F.3d 654
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Orlando Jesus SUAZA, A/K/A El Paisa, Defendant, Appellant.
 No. 94-1275.
 United States Court of Appeals,
First Circuit.
 Aug. 25, 1995.
 
 Eileen M. Donoghue on brief for appellant.
 Donald K. Stern, United States Attorney, and Michael D. Ricciuti, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before CYR, BOUDIN and LUNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, who pled guilty to, among other things, conspiracy to possess with intent to distribute heroin, challenges 1000 grams of the amount of heroin attributed to him for sentencing purposes. He says he lacked both the intent and the ability to deliver that amount. The district court found to the contrary. We review for clear error. United States v. Morillo, 8 F.3d 864, 871 (1st Cir.1993).
 
 
 2
 The presentence report (PSR) indicates that beginning in April 1992, defendant discussed with confidential informants (CIs) heroin and cocaine transactions. Talking in code, defendant represented that his source had two kilograms of heroin to sell and quoted a price for a half kilogram. His source, co-conspirator Zuluaga, confirmed to a CI that she had heroin at her house. On Wednesday, April 15, 1992, defendant, Zuluaga, and co-conspirator Hoyos met with the CIs and the purported buyers, two undercover agents (UCs). Defendant exhibited 500 grams of heroin. Buyers said they wanted one kilogram a week. The UCs purchased 125 grams of heroin that day as a sample in anticipation of a future one kilogram sale. Hoyos said that if the buyers liked the sample, then "Friday or Saturday we'll sell a kilo."
 
 
 3
 While further negotiations occurred later that month and the next, defendant did not participate in them. Indeed, he may have been excluded from the conspiracy. A price was not agreed upon, and no kilogram sale actually took place at that time.
 
 
 4
 Where, as here, a negotiated but uncompleted transaction is involved, U.S.S.G. Sec. 2D1.1, Application Note 12, sets the rule: "[T]he weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount" unless "the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount." We conclude that the district court's finding that, as of April 15, 1992, defendant had the intention and ability to produce a kilogram of heroin was supported by the PSR.
 
 
 5
 It is clear from the PSR that, as of April 15, defendant and his co-conspirators intended to supply the UCs with at least a kilogram in the near future if a price could be agreed upon. The UCs said they wanted a kilogram a week, defendant actively participated in the sale of the sample in anticipation of a one kilogram transaction, and Hoyos indicated he was willing to proceed with a one kilogram sale within a few days. Defendant points to the fact that the price for a kilogram quantity was not discussed (they did haggle over the sample price, however) or agreed upon at the April 15 meeting as somehow negating intent. It did not. An intent to sell certainly can exist even though the price remains to be negotiated.
 
 
 6
 As for ability to supply a kilogram of heroin, defendant was a member of a conspiracy which supportably could be found to have access to kilogram quantities. Defendant had stated earlier that month that Zuluaga had two kilograms of heroin to sell, and Hoyos said he was ready to complete the transaction the following Friday or Saturday, indicating he did not foresee any problem supplying a kilogram in short order. Crediting these assertions, the court could supportably find that defendant, through his association with Zuluaga and Hoyos, was able to produce a kilogram within the very near future.
 
 
 7
 Defendant points to a statement that could be read as indicating that the group had brought "all" their heroin (500 grams) with them on April 15 and argues that statement indicates they lacked the ability to produce any more, let alone another kilogram. Defendant's reading is not a necessary one, but even if it were, it would not negate the group's capacity to acquire enough for the contemplated transaction.
 
 
 8
 Defendant also argues that he was excluded from the conspiracy immediately after the April 15 meeting and therefore lacked the capacity thereafter to produce a kilogram of heroin. It may be that once Zuluaga and Hoyos withdrew their support, defendant lacked the ability to supply a kilogram of heroin. But, on April 15, 1992 when he was actively negotiating to bring about a one kilogram sale, defendant supportably could be found to have had the intent and ability (through his association with Zuluaga and Hoyos) to procure a kilogram of heroin. If he was subsequently expelled from the conspiracy, that expulsion did not retroactively absolve him of responsibility for the April 15, 1992 one kilogram negotiations.
 
 
 9
 The judgment is summarily affirmed. Loc. R. 27.1.